UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| EUGENE KANDAL,              ) | |
| )  | |
| Plaintiff,             ) | Case: 3:26-cv-00130 |
| )  | |
| v.                         ) | |
| )  | |
| TUTERA INVESTMENTS, L.L.C., ) | |
| )  | |
| Defendant.            ) | Jury Trial Demanded |
| )  | |

## COMPLAINT

Plaintiff, Eugene Kandal ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Tutera Investments, L.L.C. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") seeking redress for Defendant's retaliation for Plaintiff requesting and utilizing their FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, VI, and VIII through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and a Notice of Dismissal from the IDHR (attached hereto as "Exhibit C") and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue and the IDHR Notice of Dismissal.

## PARTIES

9. Plaintiff, is a natural person, over 18-years-of-age, who at all times relevant to the

allegations in this Complaint resided in Franklin County, Illinois.

10. Defendant, whose address is 1409 North Main Street, Benton, Illinois 62812-1918, is a limited liability company specializing in senior living that at all times material to the allegations in this Complaint was doing business in and for Franklin County, Illinois.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff was employed by Defendant as a Maintenance Director from in or around 2020, until he was unlawfully terminated on or around August 12, 2025, on the basis of his disability and use of/request of protected medical leave.

14. As a Maintenance Director, Plaintiff's duties included, but were not limited to, overseeing the maintenance and repair of equipment, supervising staff, conducting inspections, ensuring compliance with safety regulations, and maintaining records related to water temperature checks and other facility operations.

15. Plaintiff has a physical impairment that substantially limit major life activities.

16. Specifically, Plaintiff suffers from a severe hernia, which was caused by prolonged heavy lifting on the job.

17. Plaintiff's hernia caused symptoms including, but not limited to, difficulty with

movement, severe pain, and an inability to lift heavy objects.

18. Plaintiff's disability substantially limits major life activities such as lifting, bending, and performing physical tasks that require the use of his back and abdomen.

19. Regardless of Plaintiff's disability, he was qualified to perform the essential functions of his job, with or without reasonable accommodation.

20. Plaintiff is a "qualified individual" as defined under the ADA.

21. In or around 2024, Plaintiff informed Defendant's administration that he had developed a severe hernia due to the physical demands of his job, which required prolonged heavy lifting.

22. Plaintiff filed an incident report and was given a lifting restriction of 25 (twenty-five) pounds by his physician.

23. Defendant did not engage in the interactive process as required by law to discuss reasonable accommodations or address Plaintiff's lifting restrictions, despite being aware of Plaintiff's condition and limitations.

24. On or about July 15, 2025, Plaintiff went out on approved FMLA leave to undergo surgery for his hernia.

25. FMLA paperwork was completed and submitted to the administrator prior to the leave.

26. On or about July 18, 2025, after undergoing surgery, Plaintiff was given a return-to-work date of September 20, 2025.

27. Plaintiff provided this information to the administrator and also texted the regional maintenance supervisor, who responded, "Thanks Eugene, get better."

28. Shortly after Plaintiff began his FMLA leave, his coworkers informed him that Defendant's administrator was interviewing individuals to replace him, despite Plaintiff's approved leave and return-to-work date.

29. Prior to taking his FMLA leave, Plaintiff was informed by Defendant's administrator that he would have to find a replacement for his position, despite having already made arrangements with other maintenance personnel in the area to cover his duties during his absence.

30. Ultimately, on or about August 12, 2025, while still on approved FMLA leave, Plaintiff was terminated.

31. Plaintiff was told his termination was due to "falsifying water documents," specifically water temperature checks required by the state of Illinois.

32. This accusation is completely false and was a pretext for Plaintiff's unlawful termination.

33. Defendant retaliated against Plaintiff's FMLA rights by interviewing candidates to replace him while he was still on approved leave.

34. Defendant retaliated against Plaintiff for requesting and taking FMLA leave by terminating his employment while he was still on leave, which Plaintiff believes was due to his disability and use of FMLA leave.

35. Defendant also subjected Plaintiff to disability-based discrimination and harassment, as evidenced by the discriminatory treatment surrounding his need for medical leave and the subsequent actions taken against him.

36. Plaintiff was subjected to disability-based harassment and retaliation after

requesting accommodations for his hernia, including being told by Defendant's administrator to find a replacement for his position while on FMLA leave, and being falsely accused of misconduct upon his return.

37. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

38. Defendant retaliated against Plaintiff after Plaintiff requested and utilized FMLA leave, including falsely accusing Plaintiff of falsifying documents as a pretext for termination.

39. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim, because Plaintiff requested reasonable accommodations for his disability, took FMLA leave, and complained about Defendant's discriminatory and retaliatory conduct.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

45. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the ADA.

46. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Disability Discrimination)**

49. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the Illinois Human Rights Act (775 ILCS 5/).

54. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's disability.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

57. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

59. Defendant knew or should have known of the harassment.

60. The disability-based harassment was severe or pervasive.

61. The disability-based harassment was offensive subjectively and objectively.

62. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Disability-Based Harassment)

65. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

67. Defendant knew or should have known of the harassment.

68. The disability-based harassment was severe or pervasive.

69. The disability-based harassment was offensive subjectively and objectively.

70. Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS 5/) due to Plaintiff's disability.

71. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

73. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

74. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

75. Plaintiff is a qualified individual with a disability.

76. Defendant was aware of the disability and the need for accommodations.

77. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

78. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

79. Defendant did not accommodate Plaintiff's disability.

80. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

81. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Failure to Accommodate)

83. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

84. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

85. Plaintiff suffers from a disability within the meaning of the IHRA.

86. Plaintiff was qualified for their position with or without reasonable accommodations.

87. Defendant was aware of the disability and the need for accommodations.

88. Plaintiff requested a reasonable accommodation or the need for one was obvious.

89. Plaintiff's reasonable accommodations that were requested were not an undue

burden on Defendant.

90. Defendant did not accommodate Plaintiff's disability.

91. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
### Violation of Americans with Disabilities Act
### (Retaliation)

93. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

94. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

95. During Plaintiff's employment with Defendant, Plaintiff requested a reasonable lifting restriction accommodation.

96. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

97. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

98. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

99. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

100. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VIII
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

101. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

102. Plaintiff is a member of a protected class under (775 ILCS 5/) on the basis of disability.

103. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

104. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act (775 ILCS 5/).

105. Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

106. By virtue of the foregoing, Defendant retaliated against Plaintiff based on requesting reasonable accommodation, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

107. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

108. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of the Family Medical Leave Act

**(FMLA Retaliation)**

109. Plaintiff repeats and re-alleges paragraphs 1-xx as if fully stated herein.

110. Defendant terminated Plaintiff after Plaintiff applied for FMLA and went out on medical leave,

111. Defendant terminated Plaintiff because he requested and took FMLA leave as described above.

112. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting and taking leave for medical reasons.

113. Plaintiff's request for medical leave and subsequent taking of medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

114. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Liquidated damages;

    g.    Reasonable attorneys' fees and costs;

    h.    Award pre-judgment interest if applicable; and

    i.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of February 2026.

/s/*Travis P. Lampert*
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*